UNITED SERVICES AUTOMOBILE
ASSOCIATION, Appellant,

v.

David M. BLAKEMORE, Appellee.

No. 10–89–049–CV.

Court of Appeals of Texas,
Waco.

Nov. 30, 1989.

Rehearing Denied Jan. 11, 1990.

Sidney H. Davis, Jr. and Robert G. Hogue, Touchstone, Bernays, Johnson, Beall & Smith, Dallas, for appellant.

Thomas R. Harkness, Kidd, Whitehurst, Harkness & Watson, Austin, for appellee.

## OPINION

McDONALD, Chief Justice (Retired).

This is an appeal by defendant United Services Automobile Association (USAA) from judgment denying USAA's motion for summary judgment, and granting plaintiff Blakemore's motion for summary judgment, holding USAA liable to plaintiff for benefits under the uninsured motorist provision of the policy issued by USAA to plaintiff and decreeing plaintiff recover $100,000, plus prejudgment interest and attorney's fees from USAA.

Plaintiff Blakemore sued defendant USAA seeking contractual and tort damages arising from USAA's denial of benefits under' uninsured motorist ("UM") insurance coverage of a policy issued to plaintiff by USAA.

The trial court granted Blakemore's motion for interlocutory summary judgment on the policy coverage issue, denied USAA's motion for summary judgment on the same issue, and then severed the coverage question so that the judgment could become final.

The facts are stipulated by the parties.

On December 6, 1985, plaintiff, Captain Blakemore, was seriously injured in an automobile/military vehicle accident at Fort Hood, a U.S. Army installation in Coryell County. At the time of the accident Captain Blakemore was on active duty and operating his car incident to service with the U.S. Army. The accident was proximately caused by the negligence of Private Daniel Brown who was driving a military vehicle owned by the U.S. government in the course and scope of his employment for

the army. Captain Blakemore sustained damage as a result of this accident in at least the amount of $100,000.

At the time of the accident Captain Blakemore had in effect Policy 187–82–57U–71703–3 with USAA which provided $100,000 limits of liability for UM coverage subject to the relevant policy terms and provisions. Private Brown carried no liability insurance applicable to the accident. Captain Blakemore made demand on USAA for his damages under the UM provisions of the policy. USAA contended the UM policy provision provided no coverage for the accident and refused to pay benefits under its UM coverage.

Captain Blakemore sued and the trial court denied USAA's motion for summary judgment and granted Captain Blakemore's.

USAA appeals on 2 points:

(1) The trial court erred in granting Blakemore's motion for summary judgment.

(2) The trial court erred in denying USAA's motion for summary judgment.

(A) As a matter of law, Blakemore was not "legally entitled to recover" from the Government or from Brown.

(B) As a matter of law, the truck which collided with Blakemore was not an "uninsured motor vehicle" under the policy.

Pertinent portions of the uninsured motorist provisions of the policy provide:

"[USAA] will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle ..."

"However 'uninsured motor vehicle' does not include any vehicle or equipment ..."

"3. Owned by any governmental body unless:

(a) the operator of the vehicle is uninsured; and

(b) there is no statute imposing liability for damage ... on the government for an amount not less than the limit of liability for this coverage."

Prior to February 25, 1978, the State Insurance Board excluded from UM coverage vehicles owned by the United States, a state or a political subdivision of the forgoing. But after *Francis v. Intern. Serv. Ins. Co.*, S.Ct., 546 S.W.2d 57, the State Insurance Board revised the UM endorsement to read as above quoted.

Captain Blakemore was a covered person under the policy. Private Brown, the driver of the vehicle which hit Blakemore was uninsured.

The case of *Feres v. U.S.*, 340 U.S. 135, 71 S.Ct. 153, 156, 95 L.Ed. 152 (1950) held that the government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.

Captain Blakemore was on active duty with the U.S. Army at the time of the accident and was operating his vehicle incident to his service with the U.S. Army. Thus as to Captain Blakemore there is no statute imposing liability on the United States as a consequence of Private Brown's acts for the injuries Captain Blakemore received incident to service. While we do not regard the policy as ambiguous as to coverage here, our Supreme Court held in *Blaylock v. American Guarantee Bank Liability Ins. Co.*, 632 S.W.2d 719, 721 that, "when the language used is subject to two or more reasonable interpretations, the construction which affords coverage will be adopted. The policy of strict construction against insurer is especially strong when the court is dealing with exceptions and words of limitation".

Captain Blakemore was "legally entitled to recover" his damages from the operator of the vehicle driven by Private Brown. It was stipulated that Captain Blakemore's damages were at least the amount of $100,000, USAA's policy limits; and it was further stipulated that the incident was proximately caused by the negligence of Private Brown. Since negligence, proximate cause and damages have been stipulated by the parties, there is no issue of fact remaining and Private Brown's fault and the extent of

Captain Blakemore's damages have been established as a matter of law.

The term "legally entitled to recover" under the UM endorsement of Texas insurance policies "simply means that the insured must be able to show *fault* on the part of the uninsured motorist and the extent of the resulting damages, and that it is not a bar of recovery from the insurer because the tort-feasor could have imposed a statute of limitations." *Franco v. Allstate Ins. Co.*, S.Ct., 505 S.W.2d 789, 792. Thus "legally entitled to recover" goes to the ability to establish the uninsured driver's fault and the extent of insured's damages in order to recover, and does not extend the uninsured motorist's statute of limitation defense or some governmental immunity defense the U.S. has against suit by Captain Blakemore to the insurance company. The policy language would be rendered absolutely meaningless by interpreting "legally entitled to recover" as the ability to sue the United States. If such were the case there could never be a case where an insured motorist could bring an uninsured claim against his carrier for an accident with a government vehicle.

Defendant USAA's points are overruled. The judgment of the trial court is affirmed.