**Lowell Kendall MOWER, Jr., Petitioner,**

v.

**Jack BOYER, Respondent.**

**No. D–0467.**

Supreme Court of Texas.

June 19, 1991.

---

Kathleen W. Osman, Andy Taylor, Laura Gibson, Houston, for petitioner.

Dale F. Carrington, David P. Willis, Houston, for respondent.

## OPINION

COOK, Justice.

This case involves two inconsistent final judgments in two actions brought by the same creditor on the same promissory note. The first final judgment was rendered by the probate court, the second by the district court. We hold that the finding of the probate court that the note had been fully satisfied precluded the district court from rendering judgment for the creditor, Boyer.

Jack Boyer sued Lowell Kendall Mower, Jr., L. Kendall Mower, Sr., and Patricia Mower for allegedly failing to make any payments on a $15,000 note signed by Mower Jr. and Mower Sr. The district court rendered an interlocutory partial summary judgment against Mower Jr. and Mower Sr., stating in its written order that "Summary Judgment should be granted on all issues, except recei[pt] of consideration and the amount of the attorney's fees." The Mowers' pleadings, as amended before the trial court signed its written order, generally denied Boyer's allegations and raised lack of consideration as an affirmative defense.

Mower Sr. died while the district court action was still pending, and Boyer brought an action on the same note in probate court against the decedent's estate. After trial on the merits, the probate court rendered judgment that Boyer take nothing, on the ground that the note had been fully satisfied. Boyer did not appeal this judgment.

In the district court action, Mower Jr. moved to set aside the partial summary judgment, amended his answer to plead satisfaction and the preclusive effect of the probate court's judgment, and moved for summary judgment on these grounds. The district court denied his motion for summary judgment, tried the issues of consideration and attorney's fees, and rendered judgment for Boyer against Mower Jr. only.[1] The court of appeals affirmed, holding that res judicata precluded Mower Jr. from raising satisfaction as an affirmative defense in the probate court because he failed to raise it in the prior summary judgment proceeding in the district court. 795 S.W.2d 292, 293. The court of appeals also held that the district court's partial summary judgment was "final" for collateral estoppel purposes and precluded the probate court from determining the issue of liability against Boyer. 795 S.W.2d at 293. We reverse the judgment of the court of appeals and render judgment for Mower Jr.

■■■ At the outset, we note that the district court's interlocutory partial summary judgment was not entitled to either res judicata or collateral estoppel effect. A partial summary judgment that is interlocutory and non-appealable is not final and cannot support a plea of res judicata. *See Homeright Co. v. Exchange Warehouses, Inc.*, 526 S.W.2d 241, 244–45 (Tex.Civ. App.—Tyler 1975, writ ref'd n.r.e.); *Restatement (Second) of Judgments* § 13 (1982). In this case, the interlocutory partial summary judgment was not final because it expressly left open the issue of consideration, and thus it was not entitled to res judicata effect.

■■ Nor was the partial summary judgment entitled to collateral estoppel effect on the issue of satisfaction of the note. A prior adjudication of an issue will be given estoppel effect only if it was adequately deliberated and firm. The factors to be considered in making this determination are (1) whether the parties were fully heard, (2) that the court supported its decision with a reasoned opinion, and (3) that the decision was subject to appeal or was in fact reviewed on appeal. *See Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986); *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 385 (Tex.1985); *Restatement (Second) of Judgments* § 13, comment g (1982). The interlocutory partial summary judgment of the district court does not meet any of these criteria, as the issue of satisfaction was not expressly raised or decided, the decision was not supported by a reasoned opinion,

---

1. The trial court granted Boyer's motions to non-suit Patricia Mower and the estate of the late Mower Sr., leaving Mower Jr. as the sole remaining defendant in district court.

and the judgment was not reviewable by appeal.

█ Although the partial summary judgment in the district court was not entitled to preclusive effect, the final judgment of the probate court on Boyer's claim against Mower Sr.'s estate was entitled to preclusive effect in the district court. When a probate court exercises jurisdiction over a decedent's estate, its judgment, regular on its face, is immune from collateral attack. *Graham v. Graham*, 733 S.W.2d 374, 377–78 (Tex.App.—Amarillo 1987, writ ref'd n.r.e.); *Wybrants v. Lehman*, 307 S.W.2d 339, 341–42 (Tex.Civ.App.—Eastland 1957, writ ref'd n.r.e.); *see also Dallas Joint Stock Land Bank of Dallas v. Forsyth*, 130 Tex. 563, 109 S.W.2d 1046, 1050 (1937), *reh'g granted in part and overruled in part*, 130 Tex. 563, 112 S.W.2d 173 (1938) (probate court acting within its statutory powers is a court of general jurisdiction and its judgments are immune from collateral attack).[2] Neither party contends that the probate court's judgment is void. If Boyer wished to challenge the judgment of the probate court on the ground that it should have been precluded by the partial summary judgment in the district court, he could have appealed the judgment of the probate court and asserted this argument on appeal. He chose not to do so, and instead proceeded to try his case in the district court. In the district court, however, he was not entitled to challenge the probate court's judgment by collateral attack. Given that the probate court proceeded to judgment first, its judgment was not void, and the partial summary judgment of the district court was not entitled

to preclusive effect, the only remaining question is whether the probate court's judgment precluded the district court from rendering judgment for Boyer.

█ Relitigation of an issue will be barred by collateral estoppel if "(1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Eagle Properties v. Scharbauer*, 807 S.W.2d 714, 721 (Tex.1991); *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). For collateral estoppel to be invoked, it is only necessary that the party *against whom* the plea of collateral estoppel is being asserted be a party or in privity with a party in the prior litigation. *Eagle Properties*, at 720–22; *Tarter v. Metropolitan Sav. & Loan Ass'n*, 744 S.W.2d 926, 927 (Tex.1988).

█ Each of the requirements for collateral estoppel is met in the present case. First, the issue of satisfaction was fully and fairly litigated in the probate court, which decided the issue against Boyer. Second, the satisfaction of the note was the basis for the probate court's decision, so it was clearly essential to its judgment. Third, Boyer was both plaintiff in district court and claimant in probate court, seeking to recover on the same note in both actions. Therefore, we conclude that the district court erred in failing to give collateral estoppel effect to the probate court's determination that Boyer could not recover on the note because it had been fully satisfied.[3]

2. As a general rule, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts, and any subsequent suit involving the same parties and the same controversy must be dismissed if a party to the subsequent suit calls the second court's attention to the pendency of the prior suit by a plea in abatement. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247–48 (Tex. 1988); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974). However, if the second court has jurisdiction over the subject matter and the proper party does not file a dilatory plea in abatement in the second court at the proper stage, the second court can determine the issues

before it and if it proceeds to judgment first, its judgment may have preclusive effect on the pending proceeding in the other court. *See Estate of Maxey*, 559 S.W.2d 458, 460–61 (Tex. Civ.App.—Texarkana 1977, writ ref'd n.r.e.). On the record before us, it appears that an order of abatement was neither sought nor obtained in the probate court.

3. Because we decide this case on the narrower ground of collateral estoppel, we do not reach the question whether the probate court's judgment was entitled to res judicata effect.

For the reasons stated, we reverse the judgment of the court of appeals and render judgment that Jack Boyer take nothing on his claim against Lowell Kendall Mower, Jr.