494

Devin SPILLERS, Plaintiff,

v.

Linda Marie WEBB, Defendant.

Civil Action No. H–96–1107.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 1, 1997.

Harry C. Arthur, Houston, TX, for Plaintiff.

William O. Ashcraft, Michael D. Schoen, Ashcraft Law Firm, Dallas, TX, for Defendant.

## ORDER

GILMORE, District Judge.

Before the Court is Defendant's Motion for Summary Judgment. (Instrument No. 39). After review of the submitted papers and applicable law, the Court finds that Defendant's motion should be **GRANTED** in part and **DENIED** in part.

### I.

Plaintiff Devin Spillers brings this ERISA action against Defendant Linda Marie Webb, Administrator of Leasing Services, Inc. Occupational Injury Benefit Plan.

According to the parties' undisputed submissions, Plaintiff began working for Leasing Services, Inc. ("LSI") in March of 1992 as a modular furniture installer. On or about May 11, 1992, Plaintiff reported to his supervisor that he had injured his back while lifting a furniture unit.

Following the May 11, 1992 incident, Plaintiff filed for and began receiving benefits under the ERISA employee welfare benefit plan maintained by LSI, the Leasing Services, Inc. Occupational Injury Benefit Plan (the "Plan"). The Plan does not provide occupational disability benefits for an injury caused by, contributed to, or the result of a pre-existing medical condition. On June 15, 1992, Defendant Webb determined that Plaintiff was not eligible for Plan benefits because his injury was caused by, contribut-

ed to, or the result of a pre-existing medical condition.

Plaintiff filed a state court action on August 28, 1992 against LSI and two other corporations claiming entitlement to benefits under the Texas Workers' Compensation Act. Plaintiff also pursued negligence claims against the corporations. Following trial in January of 1995, the state court ordered a take-nothing judgment against Plaintiff. *Spillers v. Move Solutions, Inc.*, No. 92–38058 (113th Dist. Ct., Harris County, Tex. Mar. 1, 1995) (attached as Exhibit D1 to Defendant's motion, Instrument No. 39). The Court entered Findings of Fact and Conclusions of Law stating that Plaintiff was not entitled to damages from LSI for the alleged May 11, 1992 injuries. *Spillers v. Move Solutions, Inc.*, No. 92–38058 (113th Dist. Ct., Harris County, Tex. May 1, 1995) (attached as Exhibit D2 to Defendant's motion, Instrument No. 39).

In January of 1995, Plaintiff requested that Defendant Webb reconsider the June 1992 decision to deny Plaintiff medical and occupational disability benefits. After review of the prior determination, Defendant decided not to reinstate Plan benefits.

Plaintiff originally filed this action in state court in February of 1996, and Defendant removed to this Court. Plaintiff seeks to recover Plan benefits and to clarify rights to future Plan benefits pursuant to 29 U.S.C. § 1132(a). (Second Amended Complaint, Instrument No. 31, at 4). Plaintiff also seeks statutory penalties for Defendant's alleged failure to comply with requests for information regarding rights under the Plan. Finally, Plaintiff asserts claims for violations of the Texas Insurance Code and breach of fiduciary duty.

Defendant's summary judgment motion addresses all of Plaintiff's claims.

## II.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511; *see Lewis v. Glendel Drilling Co.*, 898 F.2d 1083, 1088 (5th Cir.1990).

Under Fed.R.Civ.P. 56(c), the moving party bears the initial burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and for identifying those portions of the record that demonstrate such absence. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584–88, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir.1987).

Where the moving party has met its Rule 56(c) burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts ... [T]he nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356 (quoting Fed. R.Civ.P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Leonard*, 828 F.2d at 294. To sustain the burden, the nonmoving party must produce evidence admissible at trial. *Anderson*, 477 U.S. at 255–57, 106 S.Ct. at 2514; *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir.1992) ("To avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue....").

## III.

Section 502(a)(1)(B) of ERISA provides a private cause of action to recover benefits due under an employee benefit plan, either to enforce rights or to clarify rights to future benefits. 29 U.S.C. § 1132(a)(1)(B); *ERISA Comprehensive Guide* § 7.2, (Martin Wald & David E. Kenty eds., 1991). Private plain-

tiffs also may recover statutory penalties under 29 U.S.C. § 1132(a)(1)(A).

## A. Plaintiff's ERISA claim for denial of benefits.

Defendant asserts entitlement to summary judgment on Plaintiff's ERISA claim for wrongful denial of benefits because (1) a person with a preexisting condition cannot receive benefits under the Plan, (2) Plaintiff is collaterally estopped on the issue of preexisting condition because of previous state court proceedings, and (3) Defendant's decision to deny benefits was not arbitrary or capricious.

### 1. Standard of review.

■ As to Plaintiff's cause of action for recovery of Plan benefits under ERISA, this Court must review a plan administrator or fiduciary's discretionary decision to deny plan benefits under an abuse of discretion standard. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989); *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 597–98 (5th Cir.1994); *Pierre v. Connecticut Gen. Life Ins. Co.*, 932 F.2d 1552, 1562 (5th Cir.1991). The existence of an administrator or fiduciary's discretionary authority does not depend on the incantation of the word "discretion" or any other magic word. *Lynd v. Reliance Standard Life Ins. Co.*, 94 F.3d 979, 981 (5th Cir.1996). Rather, the Court is to focus on the breadth of the administrator's power, i.e., the "authority to determine eligibility for benefits or to construe the terms of the plan." *Lynd*, 94 F.3d at 981. However, "[d]iscretionary authority cannot be implied." *Id.; see also Chevron Chem. Co. v. Oil, Chem. & Atomic Workers Local Union 4–447*, 47 F.3d 139, 142 (5th Cir.1995).

Courts have found that plans which authorize the administrator to make a final benefit determination give the administrator "discretionary authority." *See, e.g., Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1305 (5th Cir.1994) (decisions of plan administrator were "final and conclusive" as to all questions "relating to either the interpretation or administration of this Plan"); *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 636–37 (5th Cir.) ("independent," "final and conclusive" authority to determine benefit eligibility), *modified on other grounds*, 979 F.2d 1013 (5th Cir.1992); *Boyd v. United Mine Workers Health & Retirement Funds*, 873 F.2d 57, 59 (4th Cir.1989) (authority of "full and final determination as to all issues concerning eligibility for benefits" and power "to promulgate rules and regulations to implement this Plan").

■ If a plan merely grants authority to control and manage the operation and administration of the Plan, the administrator does not have discretionary authority. *Michael Reese Hosp. & Medical Ctr. v. Solo Cup Employee Health Benefit Plan*, 899 F.2d 639, 641 (7th Cir.1990), *cited in Chevron*, 47 F.3d at 143 n. 3.

■ The Court finds that an abuse of discretion standard applies to Defendant's decision. According to the Plan

> All questions or controversies of whatever character arising in any manner or between any parties or persons in connection with the Plan, or the operation thereof, whether relating to benefits claimed hereunder, the construction of provisions, the interpretation of the Plan, the rules and regulations adopted by the Plan Administrator hereunder, any writing, decision, instrument, or accounts relating to the operation or administration of the Plan, or otherwise, shall be submitted to the Plan Administrator or its designee for decision, and, ... shall be binding upon all persons dealing with the Plan or claiming any benefit thereunder, subject to only such judicial review as may be in harmony with ERISA.

(LSI Occupational Injury Benefit Plan, dated effective 1/1/91, at § 12.2, attached as Exhibit C1 to Defendant's Motion, Instrument No. 39). The Plan clearly gives the administrator authority to determine benefit eligibility and to construe the terms of the plan. Plaintiff offers no evidence indicating a genuine issue as to whether or not the administrator's authority is discretionary.

Accordingly, the Court shall apply an abuse of discretion standard to Defendant's decision to deny Plaintiff benefits.

## 2. Collateral estoppel.

Defendant's principal contention is that the doctrine of collateral estoppel prevents Plaintiff from maintaining that he did not have a preexisting condition excluding him from Plan benefits for his alleged back injury.

The parties do not dispute that the Plan excludes coverage for medical expenses incurred as a result of a preexisting condition. The parties also do not dispute that, under the Plan, if Defendant determined that Plaintiff suffered from a preexisting medical condition that was caused by, contributed to or resulted in his alleged back injury, Plaintiff would not be entitled to reimbursement of medical expenses or payment of disability benefits.

Defendant submits the Findings of Fact and Conclusions of Law entered by the state district court in Plaintiff's previous negligence suit against LSI and a previous employer, Veristar, Inc. ("Veristar"). Following bench trial, the state court specifically found that approximately eight-months before his alleged back injury at LSI, Plaintiff had suffered a back injury while lifting a modular furniture panel weighing approximately 200 lbs. *Spillers v. Move Solutions, Inc.*, No. 92–38058, at 2 (113th Dist. Ct., Harris County, Tex. May 1, 1995) (attached as Exhibit D2 to Defendant's motion, Instrument No. 39). The court determined that the alleged May 11, 1992 back injury was "a continuation of the prior injury ...." and that because Plaintiff previously had refused treatment, Plaintiff did not recover fully from the previous injury. *Id.* at 4. The court also found that Plaintiff had previously sought emergency medical treatment in September of 1989 for recurring back pain. *Id.* Further, the court found that Defendant had denied Plaintiff benefits in June of 1992 "because Plaintiff's physician, Dr. Howard, had determined that any injury suffered by Plaintiff was a result of a pre-existing condition." *Id.* Finally, the court found that "[a]ny injury suffered by Plaintiff while he was in the employ of LSI ... was a result of a pre-existing condition." *Id.*

■ Under the doctrine of collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Under Texas law,[1] the doctrine applies if (1) the facts sought to be litigated in the second action were litigated fully and fairly in the first action, (2) the facts were essential to the judgment in the first action, (3) the parties in the first action were adversaries, and (4) the party against whom the doctrine is to be applied was a party or was in privity to a party in the first action. *Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex.1991); *Rexrode v. Bazar*, 937 S.W.2d 614, 617 (Tex. App.—Amarillo 1997, no writ); *Cross, Kieschnick & Co. v. Johnston*, 892 S.W.2d 435, 439 (Tex.App.—San Antonio 1994, no writ). Plaintiff contests the first two elements.

As to the first element, Texas law requires that the issue be actually, litigated, i.e., "adequately deliberated and firm." *Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex.1991). Three important factors in analyzing this issue are (1) whether the parties were fully heard, (2) whether the court supported its decision with a reasoned opinion, and (3) whether the decision was subject to appeal or in fact reviewed on appeal. *State Farm Fire & Casualty Co. v. Fullerton*, 118 F.3d 374, 381–82 (5th Cir.1997); *Mower*, 811 S.W.2d at 563; *Rexrode v. Bazar* 937 S.W.2d at 617.

■ Plaintiff argues that no evidence at trial supported the state court's findings and conclusions as to the preexisting condition issue. Plaintiff also submits the evidence presented at trial supporting his contention that his injury was not related to a preexisting condition. However, as noted above, the relevant inquiry is not whether this Court agrees with the findings and conclusions, but

---

1. As noted by Defendant, state law applies in determining the preclusive effect of a prior state court judgment. *Amica Mutual Ins. Co. v. Moak*, 55 F.3d 1093, 1096 (5th Cir.1995) (applying Texas collateral estoppel law to state probate determination); *Daniels v. Equitable Life Assurance Society of the United States*, 35 F.3d 210, 213 (5th Cir.1994); *United Pacific Ins. Co. v. McClelland (In re Troy Dodson Constr. Co., Inc.)*, 993 F.2d 1211, 1214 (5th Cir.1993).

whether Plaintiff had a full and fair opportunity to be heard. The fact that Plaintiff presented a substantial amount of evidence on the preexisting condition issue indicates that he had an opportunity to be fully heard. The Court finds that the adverse parties were fully heard on this issue.[2]

The state trial court clearly supported its decision with a reasoned opinion and Plaintiff had an opportunity to appeal the determination. In fact, the state appellate court addressed Plaintiff's specific challenge to the trial court's finding on the preexisting condition issue, determining

> [w]hether Spillers' injury was the result of a pre-existing condition is irrelevant in the absence of any negligence by appellees. In any event, there is more than a scintilla of evidence to support the trial court's findings. . . .
>
> Spillers' prior medical records show he suffered back injuries on two prior occasions. First, Spillers sought medical treatment at Ben Taub Hospital Emergency Room in September 1989 for recurring back pain. While working for another installation company, Veristar, Inc., in September 1991, Spillers injured his back lifting a 200–pound panel. The medical report indicated when he lifted the panel, he felt a sharp pain in his right hip and down his leg, exactly the same description given for the May 1992 injury. He was diagnosed as having lumbar strain. Spillers' medical records indicate he was referred to Dr. Dozier for orthopedic evaluation, but Spillers did not comply with this recommendation. Records from Dr. Howard, Spillers' initial treating physician for his current injury, note that he presented a similar complaint in September, 1991. His initial diagnosis was "lumbosacral strain." When Spillers was injured in May 1992, he told Armstrong he did not need to go to the doctor, but just needed to relax.

Thus, we conclude there is some probative evidence supporting a finding that Spillers' injury was the result of a pre-existing condition.

*Spillers v. Move Solutions, Inc.,* No. 14–95–00712–CV, 1996 WL 445336 at *9–*10 (Tex. App.—Houston [14th Dist.] Aug.8, 1996, no writ) (attached as Exhibit A to Defendant's Reply, Instrument No. 44).

The Court finds that the preexisting condition issue was litigated fully and fairly in the prior state proceedings.

As to the requirement that the issue be essential to the judgment in the first action, Plaintiff asserts that the only essential determination of the first action was that the defendants in that action were not liable in negligence for Plaintiff's injury.

■ Texas courts have maintained that collateral estoppel applies even if the second proceeding is based upon a different cause of action. *Root v. Brodhead,* 854 S.W.2d 706, 708 (Tex.App.—Austin 1993, no writ) (citing *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984)). Courts also note that in evaluating whether an ultimate issue is subject to collateral estoppel, "ultimate issue" does not refer to a cause of action or claim, but includes "those factual determinations submitted to a jury that are necessary to form the basis of a judgment." *Tarter v. Metropolitan Sav. & Loan Ass'n,* 744 S.W.2d 926, 928 (Tex.1988) (citations omitted); *see also Cole v. G.O. Assocs., Ltd.,* 847 S.W.2d 429, 431 (Tex.App.—Fort Worth 1993, writ denied); *Dent v. Federal Sign & Signal Corp.,* 773 S.W.2d 599, 601 (Tex. App.—Dallas 1989, writ denied).

The state trial court concluded that Defendant's employer, LSI, was not liable for any breach of duty with respect to Plaintiff's negligence claim for the May 11, 1992 incident, that "[a]ny injury suffered by Plaintiff while in the employ of LSI ... was not caused by any negligence on the part of LSI,

---

**2.** Other courts indicate that the question of whether an issue was "actually litigated" in the prior proceeding is determined by evaluating if the issue was properly raised, submitted for determination, and determined. *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 384 (Tex.1985) (quoting *Restatement (Second) of Judgments* § 27 cmt. d (1982)); *Rexrode,* 937 S.W.2d at 617–20. Plaintiff submits no evidence indicating that the preexisting condition issue was not properly raised, submitted for determination, and determined in the previous state proceedings.

..." that any such injury "was solely caused by negligence on the part of Plaintiff, or, alternatively were brought about, if at all, by a new and independent cause or causes not reasonably foreseeable by LSI, ..." that Plaintiff was not entitled to receive occupational disability or medical benefits, and that "Plaintiff is not entitled to recover any damages from LSI ... as a result of any injury he may have suffered on or about May 11, 1992 while in the employ of LSI...." *Spillers v. Move Solutions, Inc.*, No. 92–38058, at 6–7 (113th Dist. Ct., Harris County, Tex. May 1, 1995) (attached as Exhibit D2 to Defendant's motion, Instrument No. 39).

As the state appellate court observed, "[w]hether Spillers' injury was the result of a preexisting condition is irrelevant in the absence of any negligence by [LSI]." *Spillers v. Move Solutions Inc.*, No. 14–95–00712–CV, 1996 WL 445336 at *9 (Tex.App.—Houston [14th Dist.] Aug.8, 1996, no writ) (attached as Exhibit A to Defendant's Reply, Instrument No. 44). Generally, "[i]f a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone." *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 722 (Tex.1990) (quoting *Restatement (Second) of Judgments* § 27, cmt. i (1982)). The rationale for the rule is that an alternative determination may not have been considered as rigorously as it would have been if it was necessary to the result, and the losing party may be dissuaded from appealing one determination because of the likelihood that the other will be upheld. *Id.*

However, the mere fact that the state court judgment includes alternative determinations does not necessarily establish that the preexisting condition determination was not essential to the judgment. For instance, in *Eagle Properties*, the defendants asserted collateral estoppel based on a prior court's determination that certain individuals were not liable for fraudulent inducement to enter a sale-leaseback transaction. *Eagle Properties*, 807 S.W.2d at 722. The court in the first action had also indicated that one of the

parties had a defense to the fraud claims because of lack of actual knowledge of the fraud at issue. The first court stated that "[i]f the Court had to, the Court would find that the FDIC did not have actual knowledge of the conduct or communications that would give rise to a finding of fraud." *Id.* (citation and footnote omitted). The Texas Supreme Court found that

> The statement of the [trial] court regarding FDIC's knowledge of any fraud, viewed in the context of the entire opinion, does not constitute an alternative holding so as to prevent its holding on the fraud claims from having a preclusive effect. While this alternative reasoning may have had some adverse effect on defendants' desire to appeal the judgment, it is clear that the [trial] court "rigorously considered" defendants' claims of fraudulent inducement, carefully reviewing each contention.

*Id.* (citation omitted). The Court held that the fraudulent inducement claims were "actually tried" and essential to the judgment for purposes of collateral estoppel.

The Court finds that the state trial court rigorously considered the preexisting condition issue, and that the determination was essential to the judgment. This determination does not violate the underlying rationale for the general rule regarding alternative issues in this case because the state trial court's alternative reasoning clearly did not have an adverse effect on Plaintiff's desire to appeal the state court judgment. Plaintiff clearly raised the pre-existence of condition issue to the appellate court, which concluded that "probative evidence" supported the state court finding. *Spillers v. Move Solutions, Inc.*, No. 14–95–00712–CV, 1996 WL 445336 at *10 (Tex.App.—Houston [14th Dist.] Aug.8, 1996, no writ) (attached as Exhibit A to Defendant's Reply, Instrument No. 44).

Finally, Plaintiff asserts no evidence indicating a genuine issue as to the last two collateral estoppel elements. Accordingly, the Court finds that the doctrine of collateral estoppel precludes Plaintiff from litigating the preexisting condition issue.[3]

---

**3.** The Court also finds that none of the generally

recognized exceptions to the application of col-

### 3. Abuse of discretion.

■ As to whether Defendant abused her discretion in her decision to deny Plan benefits to Plaintiff, the Court must determine whether Defendant's relevant factual determinations were arbitrary or capricious. *Bellaire General Hosp. v. Blue Cross Blue Shield of Michigan,* 97 F.3d 822, 829 (5th Cir.1996). In this case, the relevant factual determination is that the alleged May 11, 1992 injury was caused by, contributed to, or the result of a preexisting condition. As noted above, Plaintiff is barred from re-litigating the preexisting condition issue by the doctrine of collateral estoppel. Furthermore, assuming that collateral estoppel does not apply, the Court finds that Plaintiff has failed to raise a genuine issue as to whether Defendant's factual determination was arbitrary or capricious.

Plaintiff raises no genuine issue as to whether Plaintiff is entitled to benefits under the terms of the Plan. Plaintiff also fails to raise a genuine issue as to his action to clarify rights to future benefits under the terms of the Plan. Accordingly, the Court finds that Defendant's motion as to Plaintiff's § 1132(a)(1)(B) ERISA claim is **GRANTED.**

### B. Plaintiff's ERISA claim for statutory penalties.

■ Plaintiff alleges that Defendant "failed and refused to comply with requests for information regarding his rights under the Plan," and asserts entitlement to penalties of up to $100.00 a day under 29 U.S.C. § 1132(c). (Second Amended Complaint, Instrument No. 31, at 4). ERISA's civil enforcement section allows a participant or beneficiary to recover up to $100 a day for an administrator's refusal to comply with an information request. 29 U.S.C. §§ 1132(a)(1)(A), 1132(c).

Defendant asserts that, assuming Defendant failed to comply with ERISA procedural requirements, such failure is not actionable. Defendant relies on three cases for its proposition—*Hines v. Massachusetts Mut. Life Ins. Co.,* 43 F.3d 207 (5th Cir.1995), *Lewandowski v. Occidental Chemical Corp.,* 986 F.2d 1006 (6th Cir.1993), and *Murphy v.*

*Wal–Mart Assocs.' Group Health Plan,* 928 F.Supp. 700 (E.D.Tex.1996). These cases do not support Defendant's position because they relate to alleged violations of different statutory provisions.

*Hines* involved a plaintiff's claim against an employer defendant for failure to notify the plan beneficiary of a switch in policies in the context of claims for breach of fiduciary duty. *Hines,* 43 F.3d at 211. The Fifth Circuit held that ERISA provided no substantive damage remedy for the alleged procedural violation. *Id. Lewandowski* involved a plaintiff's claim that the beneficiary was not properly notified of a plan's default provisions. *Lewandowski,* 986 F.2d at 1007. The *Lewandowski* court makes broad references to the general principle that a failure to comply with ERISA procedural requirements does not entitle a claimant to a substantive remedy. *Id.* at 1008–09. However, a close reading of the opinion and cases upon which the court relies reveals that the Sixth Circuit does not interpret ERISA to preclude a plaintiff from recovering statutory penalties pursuant to § 1132(c) for an administrator's failure to supply information that was requested. *Id.* at 1008 ("nothing in ... [§ 1132(c) ] suggests that ERISA would approve of an affirmative damage recovery merely on a plan administrator's failure to adhere to proper notification and disclosure procedures." (emphasis added)); *Hozier v. Midwest Fasteners, Inc.,* 908 F.2d 1155, 1167, 1170 (3d Cir.1990). Neither *Hines* nor *Lewandowski* involve claims that the defendant failed to provide requested information.

Similarly, the Court in *Murphy* addressed an allegation that the defendants had not complied with the procedural requirements of 29 U.S.C. § 1133, which requires an employee benefit plan to give adequate notice of denial of benefits, and to afford a reasonable opportunity for full and fair review of the denial. *Murphy,* 928 F.Supp. at 708. The Court found that the only procedural remedies in such cases were to remand the case to the plan administrator or to dismiss the complaint with leave to exhaust administrative procedures. *Id.*

lateral estoppel apply in this case. *See Restate-* *ment (Second) of Judgments* § 28 (1982).

The Fifth Circuit clearly recognizes Plaintiff's action to recover penalties pursuant to § 1132(c) for Defendant's alleged failure to supply requested information. *Abraham v. Exxon Corp.*, 85 F.3d 1126, 1132 (5th Cir. 1996); *Godwin v. Sun Life Assurance Co. of Canada*, 980 F.2d 323, 326 (5th Cir.1992), *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir.1990). The Court finds that Defendant has not met its burden of informing the Court of an adequate basis for entering summary judgment against the Plaintiff on this claim.

Accordingly, Defendant's motion as to this claim is **DENIED**.

## IV.

Defendant asserts that Plaintiff's claims for alleged violations of the Texas Insurance Code, art. 21.21 and breach of fiduciary duty are preempted by ERISA.

▮ ERISA comprehensively regulates employee pension and welfare plans. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 732, 105 S.Ct. 2380, 2385, 85 L.Ed.2d 728 (1985). Section 514(a) of ERISA contains a broad preemption provision declaring that the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). The term "relates to" is to be given its broadest common sense meaning, and a state law relates to an employee benefit plan if it has a connection with or reference to such a plan. *Metropolitan Life*, 471 U.S. at 739, 105 S.Ct. at 2389. The preemption clause is not limited to state laws specifically enacted to affect employee benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987). "The preemption provision was intended to displace all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." *Metropolitan Life*, 471 U.S. at 739, 105 S.Ct. at 2389.

### A. Plaintiff's claim under Texas Insurance Code art. 21.21.

▮ Plaintiff broadly alleges that "there have been violations of the Texas Insurance Code, Article 21.21." (Second Amended Complaint, Instrument No. 31, at 4).

The state provision seeks to regulate unfair or deceptive trade practices in the insurance industry. Tex. Ins.Code art. 21.21 § 1 (Supp.1997). The courts in a number of cases have determined that causes of action brought under various sections of article 21.21 were preempted by ERISA. *See, e.g., Hogan v. Kraft Foods*, 969 F.2d 142, 144–45 (5th Cir.1992) (finding art. 21.21 claims based on insurer's refusal to make lump-sum payment of employee pension benefits preempted); *Ramirez v. Inter–Continental Hotels*, 890 F.2d 760, 763–64 (5th Cir.1989) (determining ERISA preempts art 21.21 cause of action for improper handling of insurance claims). *But see Cypress Fairbanks Medical Ctr. v. Pan–American Life Ins. Co.*, 110 F.3d 280, 285 (5th Cir.1997) (finding ERISA does not preempt hospital's art. 21.21 claim against insurer for insurance agent's alleged misrepresentation as to employee's insurance coverage), *cert. denied*, —— U.S. ——, 118 S.Ct. 167, —— L.Ed.2d —— (1997).

Plaintiff does not dispute that the Plan is an ERISA plan. Plaintiff has also failed to submit any evidence or argument indicating a genuine issue as to whether Plaintiff's claim is preempted by ERISA. Accordingly, the Court finds that Defendant's motion as to preemption of Plaintiff's Tex. Ins.Code art. 21.21 claim is **GRANTED**.

### B. Plaintiff's state breach of fiduciary duty claim.

▮ Plaintiff alleges that Defendant has breached fiduciary duties to "deal fairly and in good faith...." (Second Amended Complaint, Instrument No. 31, at 4). Plaintiff does not specify in the complaint whether the claim is under state law or ERISA.

To the extent that Plaintiff seeks to pursue a state breach of fiduciary duty claim, such claims generally are preempted by ERISA unless they fall into a specified savings clause. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 50–56, 107 S.Ct. 1549, 1554–58, 95 L.Ed.2d 39 (1987); *Kramer v. Smith Barney*, 80 F.3d 1080, 1083 (5th Cir.1996); *Hermann Hospital v. MEBA Medical & Benefits Plan,*

845 F.2d 1286, 1290–91 (5th Cir.1988). Plaintiff has provided no evidence or argument indicating a genuine issue as to whether he has any state breach of fiduciary claim that is *not preempted* by ERISA.

Accordingly, Defendant's motion as to any such claim is **GRANTED.**

## V.

In response to Defendant's motion as to Plaintiff's breach of fiduciary duty claim, Plaintiff indicates that he wishes to pursue an ERISA breach of fiduciary duty claim. Defendant asserts that such a claim is time barred and that Plaintiff is not entitled to the requested relief.

ERISA sets forth general fiduciary duties regarding the management of ERISA plans. *Varity Corp. v. Howe,* —— U.S. ——, ——, 116 S.Ct. 1065, 1068, 134 L.Ed.2d 130 (1996). For example, ERISA requires a plan fiduciary to "discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan . . . ." 29 U.S.C. 1104(a).

### A. Statute of limitations.

ERISA prohibits an ERISA action for breach of fiduciary duty that is commenced after the earlier of—

> (1) six years after (A) the date of the last action which constituted a part of ·the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113 (Supp.1997).

Defendant asserts that Plaintiff's claim is barred by the three-year statute of limitation because it was not brought within three years of the date Plaintiff had actual knowledge of any breach of fiduciary duty. Defendant notes that Plaintiff was denied benefits on June 15, 1992, and that Plaintiff did not file this action raising a fiduciary duty claim until February 26, 1996.

Plaintiff has not submitted any evidence indicating a genuine issue as to whether the breach of fiduciary duty claim falls within the three-year time bar. 29 U.S.C. § 1113(2). Nor has Plaintiff presented any evidence indicating a genuine issue as to a fraud or concealment claim that would entitle Plaintiff to the six-year time bar.

Defendant's motion as to Plaintiff's ERISA breach of fiduciary duty claim is GRANTED.[4]

## VI.

In summary, Defendant's motion as to Plaintiff's action to recover benefits and to enforce and clarify rights under the Plan is **GRANTED.**

Defendant's motion as to Plaintiff's Texas Insurance Code art. 21.21 claim is **GRANTED.**

Defendant's motion as to Plaintiff's state and ERISA breach of fiduciary duty claims is **GRANTED.**

Defendant's motion as to Plaintiff's action for statutory penalties pursuant to 29 U.S.C. § 1132(c) is **DENIED.**

Plaintiff's remaining cause of action is for statutory penalties under 29 U.S.C. § 1132(c).

---

**4.** Because the Court grants Defendant's motion on this ground, the Court will not address the merits of Defendant's second ground.