776 F.2d 1180
 Jean R. GENTER, Appellant in No. 84-3617,
v.
ACME SCALE & SUPPLY COMPANY, a Penna. corporation; Acme
Scale & Supply Co. Profit Sharing Plans and Trust,
Raymond C. Canfield and Jeffrey D. Canfield
v.
The TRAVELERS INSURANCE COMPANIES, Third Party Defendant.
Appeal of ACME SCALE & SUPPLY COMPANY and Raymond C.
Canfield, Defendants. and Third Party Plaintiffs.
 Nos. 84-3617, 84-3638.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
June 20, 1985.
 Decided Nov. 18, 1985.
 
 1
 James C. Larrimer, Dougherty, Larrimer & Lee, Pittsburgh, Pa., for appellant.
 
 
 2
 Edward J. Kabala, Michael A. Cassidy, Kabala & Geeseman, Pittsburgh, Pa., for Acme Scale and Supply, et al.
 
 
 3
 David A. Cicola, William K. Herrington & Associates, Pittsburgh, Pa., for Travelers Ins. Companies.
 
 
 4
 Before ALDISERT, Chief Judge, and GIBBONS, Circuit Judge, and BECHTLE, District Judge.*
 
 OPINION OF THE COURT
 
 5
 BECHTLE, District Judge.
 
 
 6
 This appeal is governed by the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. Secs. 1001 et seq., and is brought by plaintiff, Jean R. Genter, as the surviving spouse of Robert D. Genter ("decedent"). She appeals from the grant of summary judgment in favor of defendants, Acme Scale and Supply Company, Acme Scale and Supply Company Profit Sharing Plan and Trust, and Raymond C. Canfield, the plan administrator. Those defendants, in turn, appeal from the grant of summary judgment in favor of the third party defendant Travelers Insurance Companies. Jean Genter also appeals from the dismissal of her claim for relief based on alleged retaliation by the employer defendants.
 
 
 7
 We hold that the district court erred in granting summary judgment in favor of the defendants, reverse the district court's order, and grant summary judgment in plaintiff's favor. We reverse the district court's order dismissing plaintiff's separate claim based on retaliation and remand for further proceedings on that claim. We also reverse and remand for further proceedings the summary judgment in favor of third party defendant insurance company.
 
 I.
 
 8
 This case arose when plaintiff, following her husband's death, submitted a claim to Acme Scale & Supply Company ("employer"), the decedent's employer, for payment of life insurance benefits due her as beneficiary under an employer sponsored contributory life insurance plan (the "Plan"). The Plan was underwritten by Travelers Insurance Companies ("insurance company"); but it was administered by the employer which had direct contact with its employees concerning all matters involving the Plan. All Plan documents and notification of Plan amendments or changes were furnished directly to the employer, who, in turn, supplied the Plan documents to its employees. The insurance company paid the life insurance benefits directly to the beneficiary named in the employee's life insurance policy.
 
 
 9
 Plan premiums were paid on a contributory basis in which each employee would pay a fixed amount, deducted monthly from his/her paycheck, and the balance would be paid by the employer. The employee's contribution would remain fixed irrespective of the amount of the employee's insurance coverage but the employer's contribution would increase as the employee's increased coverage.
 
 
 10
 Under the terms of the Plan an employee could obtain insurance coverage commensurate with the employee's annual salary. In the decedent's case, he was entitled to have $10,000.00 of coverage for as long as his salary was at least $10,000.00 and not more than $20,000.00. When his salary was increased to over $20,000.00, he became eligible for $20,000.00 of life insurance coverage.
 
 
 11
 The Plan provided that upon reaching a designated salary plateau, an employee could receive the prescribed increase in insurance if the plan's procedure was followed. Under a method of that procedure, that for purposes of this opinion shall be referred to as the "anniversary date method," an employee's coverage could be changed on the anniversary date of the master policy which was March 26th of each year. Pursuant to this method the employer, in December of the preceding year, furnished a list to the insurance company of its employees and their corresponding salary levels. Thereafter, any employee seeking an increase in benefits because of a salary change was required to directly notify the insurance company, within sixty (60) days of the anniversary date of the policy (i.e., before January 26th of each year), of the requested increase. Such notification was accomplished by the employee returning a preprinted notification card, previously supplied by the insurance company to the employer and in turn to the employee. The Insurance Company could not increase the coverage until it received the insurance increase request card from an employee on the list shown to be eligible for such an increase. If that employee's card was received on time the insurance company would increase the employee's coverage effective March 26th. If no card was received, there would be no change and indeed, there would be no opportunity for a change until the insurance company received the employer's list the following December which would show employees entitled to apply for coverage to be effective the following March 26th.
 
 
 12
 A second method, which shall be called the "midstream method," not described in the plan documents or materials but practiced by the employer and the insurance company on certain selected occasions allowed increases at times other than the anniversary date. If for example, an employee, at any time during the calendar year, received a salary increase that placed him/her at a plateau where an increased life insurance coverage change was authorized, the employee, at that time, would provide the notification card to the Insurance Company and the additional coverage would be provided immediately. This midstream method though practiced on several occasions was not communicated to the employees generally, but apparently became known to a few individuals who took advantage of it, including the President's grandson.[1]
 
 
 13
 On January 11, 1982, the decedent had $10,000.00 life insurance coverage which corresponded to his salary of $19,240.00. On that date, the decedent received a salary increase to $20,800.00 thus putting him over the $20,000.00 salary plateau and allowing for increased life insurance coverage of $20,000.00. Pursuant to the anniversary date method, which was the only method provided in the plan documents, the decedent's name was on the list given to the insurance company in December 1982 which was eleven months after receiving his salary increase and three months before any increased coverage could go into effect pursuant to the anniversary date method. The decedent had until January 26, 1983 to send his insurance increase card to the insurance company in order to be eligible for the increased coverage of $20,000.00 effective March 26, 1983. Unfortunately, plaintiff's decedent died on January 23, 1983 which was a year after he received his salary increase and two months before an increase in insurance based on that raise could go into effect. That is under the anniversary date method, even though the decedent's salary increase became effective in January of 1982, it would be nearly fourteen months before the decedent's life insurance coverage keyed to his increased salary level would go into force, had he lived.
 
 
 14
 The decedent had not requested an increase in his life insurance coverage as of the date of his death although he had until January 26th to do so. It is clear that if he had done so, and he had lived beyond the anniversary date of the policy, March 26, 1983, his coverage would have been increased to $20,000.00.
 
 
 15
 In her motion for summary judgment, plaintiff contended that the employer/administrator violated its fiduciary duty as administrator of the Plan by failing to advise the decedent before, or at the time of his salary increase in January 1982, that he could apply immediately for increased insurance coverage under the midstream method. Plaintiff contended that the Plan documents provided to the employees did not advise them of their right to seek a midstream increase in coverage. She contends that if it had, her husband could have applied for and been provided with coverage of $20,000.00 at or about January 11, 1982 which would have been in force one year later when he died rather than the $10,000.00 that was in force at that time.
 
 
 16
 Deposition testimony from representatives of the employer, defendant Robert Canfield (president of the company and the administrator of the Plan), and from officials of the insurance company, recalled that some employees of the company who had received salary increases had indeed been given the opportunity by the administrator and the insurance company to increase their insurance coverage contemporaneously with their salary increase, (i.e., midstream).[2] Thus, some employees were permitted to receive the benefits of increased life insurance coverage sooner than the annual anniversary date while other employees, such as the plaintiff's decedent, were not.
 
 
 17
 Plaintiff contended that by not informing the deceased and the other employees of this important right amounted to a breach of fiduciary duty by the employer and administrator under ERISA.
 
 
 18
 In rejecting plaintiff's claim the district court relied upon the language in the Group Insurance Benefit booklet which provides that:
 
 
 19
 If you become entitled to an increase or decrease in amount of insurance, due to change in your salary or wage, you may submit a new signed request to your Employer for such new amount of insurance within 60 days prior to the new Policy Anniversary, with such evidence of insurability as may be required by The Travelers. If approved by The Travelers such new amount is to be effective on such Policy Anniversary, except that no increase in amount of insurance will become effective if you are away from work due to disability until the date on which you actually return to work on a full-time basis. Any increase or decrease in amount of insurance due to change in salary or wage will be endorsed by The Travelers on your request for insurance.
 
 
 20
 The district court did not find it necessary to analyze defendants' fiduciary or contractual duties. The court found that the decedent had an affirmative obligation to request the insurance increase. The court held that there was no contractual or fiduciary obligation for the defendants to increase the decedent's life insurance coverage.[3] The district court granted defendants' motions for summary judgment; denied plaintiff's motion for summary judgment; dismissed the claim for costs and counsel fees; and dismissed plaintiff's retaliation claim.[4]
 
 II.
 
 21
 We believe that the district court erred in denying the plaintiff's motion for summary judgment and granting defendants' motion for summary judgment.
 
 
 22
 Clearly the employer and employer administrator are fiduciaries under 29 U.S.C. Sec. 1002(21)(A):
 
 
 23
 (21)(A) Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.
 
 
 24
 Defendant employer exercised discretionary authority and control in managing the plan by accommodating certain employees with midstream increases not provided for in the terms of the plan. Defendant employer comes within the definition of a "fiduciary." Sec. 1002(21)(A)(i). As such, its duties are enumerated in 29 U.S.C. Sec. 1104.
 
 Sec. 1104. Fiduciary duties
 
 25
 (a)(1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--
 
 
 26
 (A) for the exclusive purpose of:
 
 
 27
 (i) providing benefits to participants and their beneficiaries; and
 
 
 28
 (ii) defraying reasonable expenses of administering the plan;
 
 
 29
 (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
 
 
 30
 (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and
 
 
 31
 (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter or subchapter III of this chapter.
 
 
 32
 Under 29 U.S.C. Sec. 1102(a)(1) "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument...." The plan description "shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. Sec. 1022(a)(1). Under subsection 6 of that section the eligibility requirements for participation and benefits shall be in the plan description. This summary plan description must not mislead, misinform, or fail to inform participants and beneficiaries of the Plan. Morse v. Stanley, 732 F.2d 1139, 1147 (2d Cir.1984) (citing 29 C.F.R. Sec. 2520.102(b) (1983)).
 
 
 33
 A reading of the plan documents makes it clear that insurance changes under the life insurance program in force here could only take place once a year on the anniversary date of March 26th. ERISA requires that important rights and obligations of employees in any such plan be clearly and fully stated. 29 U.S.C. Sec. 1022(a)(1). On the basis of the undisputed facts presented to the court below, it was clear that the plan provided by the insurance company and administered by the employer and the employer administrator allowed any employee two methods of increasing insurance coverage once an employee's salary level was raised to a plateau that would permit an increase in coverage.
 
 
 34
 One of these methods, the midstream method, was never disclosed to the employees in any of the Plan documents, in violation of ERISA, 29 U.S.C. Secs. 1021, 1022. Apparently it was made known, to a few who took advantage of this feature of the Plan and indeed had their insurance levels raised immediately following the time they received their salary increases. Plaintiff complains that this is an important right that all employees had under this Plan, and should have been disclosed in the plan documents and summary delivered to plaintiff's decedent. Defendants counter that the pamphlet and its explanation were adequate and if the decedent did not request an increase, there was no obligation under the plan to provide it.
 
 
 35
 The defendants are correct to the extent that there are certain responsibilities an employee has in familiarizing himself with the details of the Plan and the information provided, and executing those provisions requiring the employee's participation that are in clear and plain terms. The difficulty here, though, is that the plan documents only advise an employee, in clear and plain terms, of his right to an anniversary date increase in his insurance level. There was never any information provided as to a midstream increase, even though the employer and the insurance company do not dispute the fact that such midstream privileges were permitted under the Plan in respect to certain employees. The failure to provide a clear and plain statement of the Plan description is a violation of ERISA, 29 U.S.C. Sec. 1022(a)(1), for which, had the decedent known, he could have considered the midstream increase option that other employees exercised.
 
 
 36
 Where we believe the court below erred in finding for the defendants was in limiting the decedent's rights under the life insurance plan solely to the anniversary date method insurance increase which the decedent had not requested prior to his death. If the decedent had known for the full year before he died that he had the right to increase his insurance midstream by a clear and plain explanation of that right in the insurance documents, he would have had the right any time during that year, but not the obligation, to request and receive the increased coverage. By reason of his death no one will know what his true preference would have been had he known of the midstream options. It is the employee's right to be informed of his rights however, rather than the wisdom of the employee's decision concerning these rights that the Act is intended to protect. Whether he would have opted for more coverage is not necessary for us to consider. What is necessary to consider is the circumstance that his beneficiary has been denied the additional $10,000.00 of coverage that the decedent could have provided for her had he been properly informed.
 
 
 37
 For the foregoing reasons, the judgment of the district court granting summary judgment for the defendants employer and employer administrator is reversed; the denial of the motion for summary judgment in favor of the plaintiff is reversed and judgment in favor of the plaintiff will be entered.
 
 III.
 
 38
 The court below dismissed count 2 of the plaintiff's complaint after ruling on count 1. Count 2 arose when, after these proceedings were begun, plaintiff amended her complaint to add a retaliation claim. We cannot determine why the court below dismissed this claim, which reasonably stands on a separate ground from the life insurance claim of count 1, although it is presumably in some way factually related to that count. Inasmuch as the opinion of the court below does not address the grounds for dismissal of that count, and a review of the record does not provide this court with a reason for the ground, the Order of Dismissal is reversed and remanded for further proceedings respecting that claim.
 
 IV.
 
 39
 Plaintiff has made a claim for counsel fees and costs. There was no reason given by the court and we know of no reason why this claim was not considered by the court.
 
 V.
 
 40
 The court also reverses the judgment of the district court granting summary judgment in favor of defendant insurance company and remands it for further proceedings. In light of the fact that the midstream increases were made with the participation and knowledge of defendant insurance company, and in view of the possible questions concerning the reliance by the employer on the insurance company for the preparation of the plan documents, that claim must be remanded for further proceedings as well.
 
 
 
 *
 Honorable Louis C. Bechtle, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 The company is a small company incorporated in 1955 by Raymond Canfield, his wife Mrs. Canfield and his son Don Canfield. The present five stockholders are all members of the family; likewise, the majority of directors are family members. The list provided to the insurance company on January 9, 1982, listed only ten insured employees (this included Raymond Canfield). The insurance company mandates that 85% of eligible employees must be covered at any one time. The form, on which this list is made, provides a section for eligible but not insured employees. The list provided on January 9, 1982 had "N/A" inserted under this section
 
 
 [2]
 Plaintiff offered evidence that two employees had received midstream increases: Diana Siriano and Jeffrey Canfield (grandson of employer administrator). Diana Siriano received a salary increase in January of 1982 to $11,400.00 that allowed her to become eligible for increased life insurance of $10,000.00 two months later in March. Jeffrey Canfield received a salary increase in January of 1982 and immediately applied for an increase in his insurance coverage, which was allowed by the insurance company one month later. James Murray, another employee, stated in his affidavit that he was aware additional insurance coverage could be requested and in fact he did file such a request
 
 
 [3]
 The district court judge refers to Allen v. Atlantic Richfield Retirement Plan, 480 F.Supp. 848 (E.D.Pa.1979), aff'd, 633 F.2d 209 (3d Cir.1980), as authority for his decision not to impose a fiduciary duty upon Acme. Allen involved an election of a disability retirement option that was not made more than 30 days before death, as stated in the retirement plan. Here Acme's preferential treatment of certain employees concerned nothing that was expressly stated in the insurance contract. The plan only places an affirmative obligation on the employee to request additional coverage within 60 days of the anniversary date of March 26, but the plan fails to apprise the employee of the midstream method to increase coverage
 Congress contemplated that a fiduciary could perform its functions through the use of a booklet detailing and explaining the plan. If the plan was adequately laid out in such a manual, the fiduciary would have discharged its obligations. Allen, supra at 851.
 
 
 [4]
 The employer (appellee) filed a motion with this court asking the court to strike plaintiff's proposed Issues No. 1 and 3 on the ground that they were not considered below. Issue No. 1 referred to the clarity of the Summary Plan Description and specifically whether that complied with the law. Issue No. 3 referred to the withholding of pension benefits from the plaintiff. The central issue of the appeal is governed by the provisions of ERISA concerning communication to employees of rights contained in an employee benefit plan. The motion to strike Issue No. 3 and to strike Appendix Items 11 and 12 is also denied because they touch upon the retaliation claim which has been ordered remanded to the district court by this opinion for the reasons stated