Jane V. LEWANDOWSKI,
Plaintiff–Appellant,

v.

OCCIDENTAL CHEMICAL
CORPORATION, Defendant–Appellee.

No. 92–1314.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 30, 1992.

Decided Feb. 23, 1993.

S. David McNeill, Richard G. Lewandowski (argued and briefed), Troy, MI, for plaintiff-appellant.

Raymond J. Carey (argued and briefed), Gloria A. Hage, Keefe A. Brooks, Butzel, Long, Gust, Klein & Van Zile, Detroit, MI, for defendant-appellee.

Before: NORRIS and SILER, Circuit Judges; and EDGAR, District Judge.[*]

PER CURIAM.

This is a claim for benefits under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* (ERISA). Plaintiff–Appellant Jane Lewandowski is the widow of Leo J. Lewandowski, Jr. From June 1951 to May 1976, Mr. Lewandowski was employed by Udylite

---

[*] The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennes-

see, sitting by designation.

Corporation.[1] During his employment, Mr. Lewandowski became a vested participant in the retirement plan of Udylite's parent company, Hooker Chemical and Plastics Corporation. (Hooker now is known as Occidental Chemical Corporation, named Defendant–Appellee in this case.)

The issues are whether plaintiff's claim for benefits for failure to comply with the notice and disclosure requirements of ERISA is barred by the statute of limitations or is precluded by a lack of a substantive remedy. For reasons stated herein, we hold that there is no substantive remedy under these circumstances, so the district court will be AFFIRMED.

Under the Hooker plan, a vested participant normally would receive benefits only if that participant lived until normal retirement age (age 65). Once commenced, such benefits, in the form of a joint and survivor annuity, would ensure payment of a 50 percent entitlement amount to spouses of participants dying after age 65. Obviously, the normal plan operation involved some risks to participants and spouses alike—the failure of a participant to reach age 65 would result in the complete absence of benefit coverage.

To offset this risk, the plan contained early benefit options. These options would have allowed a participant meeting certain age and/or employment longevity requirements, such as Mr. Lewandowski, to elect reduced pre-retirement age benefits. Once an electing participant began to receive such benefits, that participant's spouse automatically would become the beneficiary of a 50 percent joint and survivor annuity

amount, regardless of the participant's failure to reach normal retirement age. Unfortunately, plaintiff suffered the risk built into the Hooker retirement plan. Mr. Lewandowski died in 1990 just prior to reaching normal retirement age and had made no election for pre-retirement age benefits. As such, plaintiff was not entitled to benefits under the plan.

On February 19, 1991, plaintiff filed suit. Though originally offering four theories, only one suggested ground for relief remains in this dispute.[2] Plaintiff asserts that defendant failed to comply with ERISA-imposed notice and disclosure obligations in administering the Hooker plan.[3] As a result of such failure, Mr. Lewandowski allegedly did not know of the risk inherent in the plan and the avenues available to him for guarding against it. Plaintiff insists that had Mr. Lewandowski been aware of the plan's default provisions, he would have elected an option to ensure spousal benefits.

On February 4, 1992, the district court ruled on cross-motions for summary judgment. In granting defendant's motion, and concomitantly denying plaintiff's without discussion of its merits, the district court held that plaintiff's claims were barred by the applicable statute of limitations and that, in any event, no substantive remedy exists for violation of ERISA's procedural mandates in a case like this.

## ANALYSIS

As noted, plaintiff's argument is that but for defendant's failure to comply with

---

1. Udylite laid off Lewandowski in May 1976 and permanently terminated him in February 1977.

2. In her complaint, plaintiff sought recovery based on state law breach of contract (Count I); benefit entitlements under substantive ERISA provisions (Count II); defendant's failure to comply with notice and reporting obligations imposed by ERISA (Count III); and state law equitable estoppel (Count IV).

   On August 8, 1991, plaintiff stipulated to the dismissal of Counts I & II. Plaintiff did not appeal the district court's ruling that ERISA preempted the basis for recovery espoused in Count IV. Thus, only Count III remains for discussion.

3. "The basis for Mrs. Lewandowski's action is that the defendant failed to provide her and Mr. Lewandowski with virtually every document required by ERISA." Appellant's Brief at 21. Specifically, plaintiff urges that defendant failed to provide the following allegedly required documents: a summary plan description, as required by 29 U.S.C. § 1021; an updated summary plan description, as required by 29 U.S.C. § 1024; a statement of vested benefits on termination, as required by 29 U.S.C. § 1025; and a summary of post-termination material plan modifications, as required by 29 U.S.C. §§ 1022 and 1024.

ERISA reporting and disclosure mechanisms, Mr. Lewandowski would have elected a retirement benefit protective of his wife. To support recovery on this theory, plaintiff must show a violation of ERISA that entitles her to a substantive damage remedy. The parties wrangle not only over defendant's compliance with reporting and disclosure requirements but also the timeliness of the action. However, the statute of limitations need not be resolved because plaintiff cannot meet the requirement for recovery. As the district court held, even assuming that defendant violated its statutory disclosure duties, ERISA does not afford the type of substantive remedy plaintiff seeks. For that reason, summary judgment in favor of defendant was proper.

ERISA's civil remedy enforcement scheme lies in 29 U.S.C. § 1132. That section allows plan participants or beneficiaries to pursue various claims under the statute, including actions to recover benefits due under a plan (§ 1132(a)(1)(B)) or for equitable relief following ERISA violations (§ 1132(a)(3)). Notably, plaintiff does not mention § 1132(a)(1)(A), which directly impacts this appeal. Section 1132(a)(1)(A) allows a participant or beneficiary to bring an action for the relief provided in § 1132(c). Section 1132(c), in pertinent part, empowers a court to impose a fixed penalty for ERISA procedural violations. This penalty, up to $100 per day, can be imposed on a plan administrator that fails to provide information, requested by a participant or beneficiary, that ERISA requires be provided, such as through the procedural and notification provisions here at issue. Though § 1132(c) concludes by ambiguously granting a court the discretionary power to "order such other relief as it deems proper," nothing in that subsection, or § 1132 as a whole, suggests that ERISA would approve of an affirmative damage recovery based merely on a plan administrator's failure to adhere to proper notification and disclosure procedures. Plaintiff asserts that the Sixth Circuit recognized a substantive remedy for ERISA-procedure violations in *Edwards v. State Farm Mutual Automobile Insurance Co.,* 851 F.2d 134 (6th Cir.1988), and *Rhoton v.*

*Central States, Southeast & Southwest Areas Pension Fund,* 717 F.2d 988 (6th Cir.1983). As for the specific factual context at issue—noncoverage allegedly caused by failure adequately to notify—plaintiff offers cases from other circuits granting a damage award, focusing on *Genter v. Acme Scale & Supply Co.,* 776 F.2d 1180 (3d Cir.1985), and *Kaszuk v. Bakery & Confectionery Union & Industry International Pension Fund,* 791 F.2d 548 (7th Cir.1986).

Even aside from the fact that Sixth Circuit authority rejecting a substantive remedy exists, *see Brown v. Ampco–Pittsburgh Corp.,* 876 F.2d 546, 550 (6th Cir.1989) ("The failure to comply with ERISA's procedural requirements is not ordinarily a basis for substantive relief."), plaintiff's characterization of *Edwards* and *Rhoton* overstates their scope. Those cases evaluated the effect of variance between a summary plan description and a retirement plan itself. Though holding that a plan summary controls, those cases did not endorse a blanket substantive remedy for ERISA procedural violations. Rather, they simply treated plan interpretations inconsistent with prior plan summaries as arbitrary or capricious; in effect, the summaries became part of the content of the plan to be interpreted for the purpose of benefit determination. *Edwards* and *Rhoton* do not realistically support plaintiff's position.

To accept Plaintiff's position, this court must be willing to follow the approaches in *Genter* and *Kaszuk.* Those cases allowed the very type of recovery Plaintiff here pursues, entertaining the idea that if a plan administrator's failure to inform a plan beneficiary according to ERISA dictates proximately results in the absence of benefit coverage, ERISA provides a substantive remedy. Unfortunately for plaintiff, *Genter* and *Kaszuk* permitted recovery without questioning whether a remedy should lie under ERISA; those cases simply assumed that ERISA would redress procedural violations through a damage award. Courts directly addressing the question, including

the circuits announcing *Genter* and *Kaszuk,* have reached a contrary result.

In *Hozier v. Midwest Fasteners, Inc.,* 908 F.2d 1155 (3d Cir.1990), the court that had allowed recovery in *Genter* definitively evaluated ERISA's private civil remedy section, § 1132. According to the court, § 1132, quite apart from granting a separate right to recovery for an ERISA disclosure requirement breach, represents a conscious limitation on such recovery:

Congress did [through the procedural requirements] seek to provide employees with more information about their plans. However, Congress also chose to limit the remedies available for violations of the very provisions designed to effect that purpose.

. . . . .

It is perhaps arguable that Congress should have provided employees with more generous remedies. . . . Through express textual provisions of ERISA, however, Congress has provided only limited remedies in this context. . . .

*Hozier,* 908 F.2d at 1170. Though *Hozier* never discussed *Genter,* it is clear that the Third Circuit does not recognize a substantive remedy for a violation of ERISA's procedures, making *Genter* unsound even within its own circuit. *See also Berger v. Edgewater Steel Co.,* 911 F.2d 911, 921 (3d Cir.1990) ("Moreover, this Circuit has apparently rejected the reasoning that substantive remedies . . . are available for violations of ERISA's procedural requirements."), *cert. denied,* — U.S. —, 111 S.Ct. 1310, 113 L.Ed.2d 244 (1991); *Ashenbaugh v. Crucible Inc., 1975 Salaried Retirement Plan,* 854 F.2d 1516, 1532 (3d Cir.1988) (stating "general principle that an employer's or plan's failure to comply with ERISA's procedural requirements does not entitle a claimant to a substantive remedy"), *cert. denied,* 490 U.S. 1105, 109 S.Ct. 3155, 104 L.Ed.2d 1019 (1989).

Likewise, in *Kreutzer v. A.O. Smith Corp.,* 951 F.2d 739 (7th Cir.1991), the Seventh Circuit, which without discussion had allowed a substantive remedy in *Kaszuk,* severely limited the availability of a damage recovery in instances of ERISA procedural breaches. The court stated:

An employer's procedural violations of ERISA entitle employees to monetary relief only in exceptional cases. . . . Most courts that have considered the issue have held that the employer must have acted in bad faith, actively concealed the benefit plan, or otherwise prejudiced their employees by inducing their reliance on a faulty plan summary before recovery for procedural violations is warranted.

*Id.* at 743. Thus, the breadth suggested by *Kaszuk* does not even continue within the circuit from which it came. Other circuits have similarly limited the remedy available. *See Simmons v. Diamond Shamrock Corp.,* 844 F.2d 517, 524–25 (8th Cir.1988) (following *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1354 (9th Cir.1984) (stating general rule against substantive remedy for procedural violations, with exception for violations so egregious that they work a substantive harm), *cert. denied,* 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985)).

Plaintiff does not develop an independent argument to support her claim of a substantive remedy, choosing instead to rely on the implicit holdings of *Kaszuk* and *Genter.* As discussed, however, overwhelming authority cuts against the positions espoused in those opinions. Courts considering the issue rightly have refused to create a blanket ground for recovery not provided for in ERISA, either by precluding any damage award or limiting such award to the most egregious of circumstances. As the *Hozier* court theorized, ERISA's remedial scheme presents a detailed, reasoned compromise between plan participants' needs for adequate disclosure and the disincentives expansive liability for nondisclosure might present to employers considering institution of a retirement plan. Nothing in § 1132 suggests that a plan beneficiary should receive a benefit award based on a plan administrator's failure to disclose required information. Rather, as the *Hozier* court held, § 1132(c) acts as an affirmative limit on possible remedies. Because plaintiff seeks recovery expressly

based on defendant's failure to follow ERISA procedures, she may not recover.

## CONCLUSION

Because ERISA does not remedy procedural violations with a damage award, defendant is entitled to judgment as a matter of law. As such, the district court's summary judgment ruling was correct. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). We do not decide at this time the question concerning the statute of limitations. The district court is therefore AFFIRMED.