Douglas **MONKS**, Plaintiff–Appellant,

v.

**KEYSTONE POWDERED METAL COMPANY**, Defendant–Appellee.

No. 00–1138.

United States Court of Appeals, Sixth Circuit.

May 3, 2001.

Before RYAN and BATCHELDER, Circuit Judges; MATIA,* Chief District Judge.

PER CURIAM.

In this action brought under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), a participant in a pension plan administered by his former employer challenges the amount of his monthly retirement benefits on two separate grounds. With respect to the first, a claim that the plan administrator incorrectly calculated his years of service under a unit credit formula in a defined benefit excess plan, the district court granted the defendant's motion to affirm the challenged benefit determination. *Monks v. Keystone Powdered Metal Co.*, 78 F.Supp.2d 647, 658, 670 (E.D.Mich.2000). In support of its judgment, the district court issued a well-reasoned and thorough opinion. Having reviewed the record and arguments presented by the parties, we conclude that we could add little to disposition of this matter and adopt the analysis and conclusions of the district court.

In his second claim, the plaintiff seeks damages for the failure of the plan administrator to provide him with notice-in violation of ERISA and the terms of the plan itself-regarding the effect of working past his normal retirement age on calculation of his monthly retirement benefits. With one exception, we think that the district court cogently and comprehensively analyzed the issues raised in this claim in granting summary judgment for the defendant. Accordingly, we adopt the opinion of the

district court. The exception is this: we decline to reach the issue of whether the plaintiff has suffered a "forfeiture" of retirement benefits. Determination of whether he has suffered a forfeiture turns on interpretation of regulations promulgated by the Secretary of Labor pursuant to section 203(a)(3)(B) of ERISA, 29 U.S.C. § 1053(a)(3)(B). *See* 29 C.F.R. § 2430.203-3. This case does not require resolution of that question, however, because even if plaintiff has suffered a forfeiture, he seeks relief not available under ERISA. "Nothing in § 1132 suggests that a plan beneficiary should receive a benefit award based on a plan administrator's failure to disclose the required information. Rather, ... § 1132(c) acts as an affirmative limit on possible remedies." *Lewandowski v. Occidental Chem. Corp.*, 986 F.2d 1006, 1009-10 (6th Cir.1993) (per curiam). Regardless of whether the law regards Monks as having suffered a forfeiture of retirement benefits, *Lewandowski* forecloses his attempt to recover for a procedural violation of ERISA.

Accordingly, except as noted, we AFFIRM on the basis of the district court's opinion.

---

* The Honorable Paul R. Matia, United States Chief District Judge for the Northern District of Ohio, sitting by designation.