NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0346n.06
Filed: May 3, 2005

No. 04-1601

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

JOSEPH BOLONE,

    Plaintiff-Appellant,

v.

TRW STERLING PLANT PENSION PLAN,

    Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:      MARTIN, COOK and LAY, Circuit Judges.[*]

BOYCE F. MARTIN, JR., Circuit Judge. This case is an appeal of the district court's summary judgment for TRW Sterling Plant Pension Plan on Joseph Bolone's claim that his early retirement benefits should not have been offset by his Social Security disability benefits. For the following reasons, we **AFFIRM** the judgment of the district court.

I.

Joseph Bolone began work at TRW Sterling Plant on June 17, 1971. After suffering an on-the-job injury on September 13, 2001, Bolone retired under the early retirement provisions of the governing collective bargaining agreement on December 1, 2001. As of that date, Bolone was eligible to receive early retirement benefits under the Plan. Accordingly, starting December 1,

_____

[*]The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

2001, Bolone received $1,900 per month in retirement benefits. This benefit was comprised of $624.22 in normal retirement benefits and the remainder in supplemental early retirement benefits.

On November 19, 2002, Bolone was notified that he was entitled to Social Security disability benefits based on the September injury. The benefits were to begin as of March 2, 2002, and the monthly amount was $1,631. Bolone subsequently notified TRW's benefit administrator of this award, and the administrator told Bolone that, under the provisions of the Plan, he would have to repay the Plan any overpayments of the early retirement benefits due to his receipt of Social Security benefits. The provision of the Plan relied upon by the administrator was section 6.2, which expressly provides that the early retirement supplemental benefits "shall be offset by the amount of any Social Security disability income benefit received." In a letter dated April 8, 2003, the administrator notified Bolone that his early retirement supplemental pension benefits would be reduced by the amount of the Social Security benefits received, and that he would be required to repay the Plan $19,136.70 in overpayments based on the fifteen months during which Bolone received both his early retirement supplement and his Social Security benefits. This letter proposed a five-year repayment plan for the overpayments.

On April 21, Bolone provided notice that he intended to appeal the plan administrator's determination. Bolone appealed to the Plan's Board of Administration on May 8, 2003, claiming that there was an inconsistency between the Plan and the Summary Plan Description (which did not include the offset provision) and that the Summary Plan Description was controlling. The Board met on June 5 and denied Bolone's claims. The Board met again on August 7, this time with Bolone present. On September 8, the Board again rejected Bolone's claims.

Bolone filed this action on September 16, 2003, under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B), claiming that the Board wrongfully required Bolone to repay the amount of early retirement benefits offset by his Social Security income. The district court entered an order on January 23, 2004, finding that the applicable standard of review was arbitrary and capricious. On April 15, the district court granted TRW's motion for summary judgment, holding that the Plan unambiguously provides that Bolone's early retirement supplement was to be offset by his Social Security disability benefits. Contrary to Bolone's claims, the court also held that the Summary Plan Description did not conflict with the terms of the Plan. Finally, the court held that it did not need to consider Bolone's procedural claims under 29 U.S.C. § 1022 and 29 C.F.R. § 2520.102 because, even assuming that TRW violated the applicable procedural duties, federal law does not provide a substantive remedy for the alleged violations.

Bolone asserts that the district court erred in applying the arbitrary and capricious standard of review and in granting TRW's motion for summary judgment. According to Bolone, the district court incorrectly found that the Summary Plan Description was not controlling. He also claims that the court erroneously disregarded Bolone's detrimental reliance on the allegedly misleading Summary Plan Description, and improperly held that Bolone had no cause of action for damages based on the alleged violations of 29 U.S.C. § 1022 and 29 C.F.R. § 2520.102.

II.

This Court reviews de novo the district court's determination of the proper standard of review. *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996). We also review de novo a district court's grant of summary judgment. *Gribcheck v. Runyon*, 245 F.3d 547,

550 (6th Cir. 2001). Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A court considering a summary judgment motion considers the facts in a light most favorable to the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

III.

The first issue on appeal is whether the district court incorrectly applied the arbitrary and capricious standard of review. Bolone claims that the district court should have applied the de novo standard of review because the administrator was not afforded discretion to make benefit determinations under the Plan and because the Summary Plan Description did not put him on notice that the administrator can exercise discretionary control.

We disagree with both of Bolone's claims on this issue. A denial of benefits is generally reviewed under a de novo standard "unless the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir. 1998) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489, U.S. 101, 115 (1989)). If a plan administrator has discretionary authority to determine benefits, this Court reviews a decision to deny benefits under the arbitrary and capricious standard of review. *Yeager*, 88 F.3d at 380.

In the present case, the district court was correct to conclude that the arbitrary and capricious standard applies. The Plan includes language establishing that the plan administrator

(the Board) has discretionary authority to construe the terms of the Plan. Section 8.4 of Article VII

of the Plan expressly provides:

> (a)    The Board shall have such powers as are necessary for the proper
> administration of the Plan, including the following:
>  . . .
> (ii)    To find facts and make determinations as to the rights of any
> Employee applying for retirement benefits and to afford any such
> Employee dissatisfied with any such finding or determination the
> right to a hearing thereon;
> . . .
> (vii)    To interpret the Plan and to prepare and distribute in such manner as
> the Board determines to be appropriate suitable information
> explaining the Plan; . . . .

The language quoted above gives the Board the discretionary authority to interpret the terms of the

Plan. Based on this language, the district court did not err in finding that the deferential arbitrary

and capricious standard of review applies in this case, despite the Plan's failure to use the word

"discretionary." *See, e.g., Williams v. Int'l Paper Co.*, 227 F.3d 706, 711 (6th Cir. 2000) (noting

that a finding of discretionary authority does not depend on use of the word "discretionary" or some

other "magic word" in the Plan).

Bolone also claims that the use of the arbitrary and capricious standard of review is

inappropriate because the language of the Plan, which affords the administrator discretion in

making eligibility determinations, differs from the language included in the Summary Plan

Description, which fails to provide for discretionary authority. Thus, Bolone argues that because

there was a conflict between the Plan and the Summary Plan Description—i.e., the Summary Plan

Description does not contain a provision granting the Board discretion or authority to interpret the

terms of the Plan—the de novo standard should apply. In support of this claim, he cites this Court's

decision in *Edwards v. State Farm Mutual Automobile Insurance Co.*, 851 F.2d 134 (6th Cir. 1988), where this Court enforced the terms of a Summary Plan Description where the terms expressly contradicted those in the Plan itself.

Bolone's claim on this issue fails because, unlike the *Edwards* case, there is no direct conflict between the language contained in the TRW Plan and that contained in the Summary Plan Description. As noted above, the Summary Plan Description is merely silent as to the discretion that the Board has under the Plan. Bolone points to nothing in the Summary Plan Description even implying that the Board did not have discretion in interpreting the terms of the Plan. Consequently, there is no conflict between the unambiguous Plan and the Summary Plan Description. Therefore, the district court was correct to apply the arbitrary and capricious standard of review.

IV.

Bolone also argues that the district court erronously granted TRW's motion for summary judgment on his claims that his early retirement benefits should not be offset by his Social Security disabilty benefits. In support of this claim, Bolone again relies on *Edwards*, arguing that the Summary Plan Description and the Plan are inconsistent on whether early retirement benefits are to be offset by Social Security disability benefits and, therefore, the terms of the Summary Plan should control. The inconsistency is allegedly based on the Summary Plan's omission of any statement suggesting that such benefits would be offset. According to Bolone, this omission is in contrast to the Summary Plan's inclusion of language stating that such a Social Security setoff would occur in the *disability retirement* (rather than early retirement) context. Because there is no such language under the *early retirement* provisions in the Summary Plan, Bolone alleges that the

Summary Plan is inconsistent with the Plan and therefore this Court should reverse the district court's summary judgment for TRW.

Bolone's argument is misguided because, again, there is no direct conflict between the Summary Plan and the Plan itself. The Plan states clearly that an early retirement "supplement shall be offset by the amount of any Social Security disability income benefit received by the Pensioner." Bolone points to no language in the Summary Plan inconsistent with this statement. Although the Summary Plan's inclusion of language stating that a Social Security setoff would occur in the *disability retirement* context could, in our view, make the Summary Plan ambiguous as to whether an *early retirement* supplement is offset by Social Security disability income, any such ambiguity in the Summary Plan is not sufficient to create an inconsistency with the unambiguous terms of the Plan. "[L]anguage in a plan summary that is merely ambiguous should not be permitted to trump unambiguous language in the plan itself." *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 938 (6th Cir. 1996) (citing *Lake v. Metro. Life Ins. Co.*, 73 F.3d 1372, 1379 (6th Cir. 1996)).

Bolone's argument that he detrimentally relied on the ambiguous Summary Plan is also misguided for the reasons stated above; namely, that *Edwards* does not apply to the facts in this case. Thus, the district court was correct in ruling that the Board's decision was not arbitrary and capricious, as the Board's interpretation was rational in light of the Plan's provisions. *See Yeager*, 88 F.3d at 381.

V.

The final issue is whether the district court erred in holding that Bolone is not afforded a substantive remedy for any alleged procedural violations of 29 U.S.C. § 1022 and 29 C.F.R. § 2520.102, which generally regulate the format, style, and content of Summary Plan descriptions. According to Bolone, the plan administrator violated the procedural requirements contained in these provisions because the Summary Plan is misleading. The district court declined to reach the issue of whether there were procedural violations in this case, holding instead that violations of procedural sections of the Employee Retirement Income Security Act, relied upon here by Bolone, do not give rise to claims for substantive damages. We hold that this judgment was proper in the present case, as this Court has generally declined to allow claims for substantive damages based only on procedural violations of the Employee Retirement Income Security Act. *See, e.g., Lake*, 73 F.3d at 1378 (noting that "[p]laintiffs would not be entitled to recover substantive damages . . . because violations of the procedural sections . . . do not give rise to claims for substantive damages"); *Lewandowski v. Occidental Chem. Corp.*, 986 F.2d 1006, 1008 (6th Cir. 1993) (holding that failure to provide a plan beneficiary with documents as required under the Act does not give rise to a substantive remedy).

Bolone appears to have modified his argument on this issue on appeal, now alleging a new theory of recovery; namely, that the plan administrator breached his fiduciary duty under 29 U.S.C. § 1132, and, thus, that he is afforded a substantive remedy for that breach. Bolone, however, failed to make this argument below, and the issue is therefore not properly before this Court. *See, e.g., Pressman v. Franklin Nat'l Bank*, 384 F.3d 182, 186 (6th Cir. 2004) (holding that plaintiff could not

make a promissory estoppel argument on appeal where he did not raise the issue in the district

court). Thus, we decline to address this newly raised argument.


VI.

For the foregoing reasons, we **AFFIRM** the district court on each contested issue.