**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0184n.06
Filed: March 8, 2007

**No. 06-3616**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **TAMERA K. SEARS, et. al.** | ) | |
| | ) | |
| *Plaintiffs-Appellants,* | ) | |
| | ) | |
| **v.** | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| **THE UNION CENTRAL LIFE INSURANCE COMPANY,** | | THE SOUTHERN DISTRICT OF OHIO |
| | | |
| *Defendant-Appellee.* | | **O P I N I O N** |

**BEFORE:** NORRIS, COLE, and CLAY, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.** Tamera K. Sears and Kim Corbett ("Plaintiffs") brought this suit on behalf of a class of former Union Central Life Insurance Company ("Union Central") employees against Union Central claiming an entitlement to severance benefits under Union Central's Severance Plan Number 510 (the "Plan"). Plaintiffs assert claims for the recovery of severance benefits under 29 U.S.C. § 1132(a)(1)(B) and for injunctive relief under 29 U.S.C. § 1132(a)(3) because Union Central failed to disclose in the Plan's summary plan description that Union Central retained the right to modify the plan at any time. Further, Plaintiffs assert a claim under 29 U.S.C. § 1104(a), alleging that Union Central breached its fiduciary duty when it altered the Plan to deny the Plaintiffs severance benefits. The District Court for the Southern District of Ohio granted Union Central's motion to dismiss under Rule 12(b)(6), concluding that (1) Union

Central was not required to disclose in the summary plan description that it retained the right to modify the Plan; (2) even if Union Central was required to make such a disclosure, failure to do so was only a procedural violation; and (3) Union Central did not breach its fiduciary duties when it amended the Plan. For the following reasons, we **AFFIRM** the district court's dismissal of Plaintiffs' complaint.

## I. BACKGROUND

### A. Factual Background

Plaintiffs bring a class-action suit on behalf of 130 former employees who were

[a]ll active, full-time employees in the Group Life & Disability Division of the Union Central Life Insurance Company as of May 31, 2003 who were terminated without cause due to the elimination of their Union Central positions and who were not paid severance benefits under Union Central Severance Plan Number 510.

(Compl. ¶ 44.)

Plaintiffs were participants in Union Central's Severance Plan Number 510 ("the Plan")—an employee-welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), codified as amended at 29 U.S.C. §§ 1001-1461, that provided employees, terminated because their positions at the company were eliminated, severance benefits.

On or about March 17, 2003, Union Central approved the sale of the Group Life and Disability Division (the division in which Plaintiffs were employed) to American United. The two companies remained separate entities. On or about March 19, 2003, Plaintiffs were informed of the sale of their division. On the same day, Union Central also announced an amendment to the Plan. Union Central made two amendments to the Plan which were reflected in the Plan's summary plan

description ("SPD") given to employees: Union Central added an extra sentence to the Benefit

Eligibility section in the SPD and also added a new section entitled Plan Documents. The new

Benefits Eligibility section states the following:

> You will be eligible to receive plan benefits in the event that you are terminated due to the elimination of your position. However, severance benefits will not be payable if you are terminated due to unsatisfactory performance of duties or other justifiable causes.
>
> Also, severance benefits will not be payable if the Company sells a business unit (by selling substantially all of the assets of the unit or by some other means) or enters into a similar transaction, and you are offered employment with the purchaser of the unit that is substantially similar to your current employment with the Company.

(Joint Appendix ("JA") 117.) The second paragraph is new but the first paragraph was not altered

by the March 2003 amendment. Also, the March 2003 amendment added a new Plan Documents

section to the SPD:

> This description of The Union Central Severance Plan, together with the general sections of this Choices Summary Plan Descriptions booklet (including the Introduction, Plan Identification, Glossary, and Statement of ERISA Rights sections), as this description and such general sections are amended from time to time, constitute the entire . . . Union Central Severance Plan.

(*Id.* 118.)

Plaintiffs' employment with Union Central was officially terminated on May 31, 2003.

Plaintiffs were told by Union Central "that they would not receive their [Plan] severance benefits if

they refused job offers from [American United]," but would receive the benefits if the employment

they refused was not substantially similar to the employment they held with Union Central.

Plaintiffs were offered employment with American United as of June 1, 2003. Plaintiffs allege that

their employment with American United "is with salary and benefits programs, work schedules and

other terms of employment which are materially and substantially different" from the terms of their previous employment with Union Central.

## B. Procedural Background

On March 22, 2004, Plaintiffs Tamera Sears and Kim Corbett filed a complaint on behalf of themselves and a putative class of participants in the Plan. Plaintiffs asserted the following claims, all aimed at recovering severance benefits under the Plan: (1) a claim to recover benefits under 29 U.S.C. § 1132(a)(1)(B); (2) a claim to recover damages for breach of fiduciary duty by Union Central in administering the Plan under 29 U.S.C. § 1104(a); and (3) a claim for injunctive relief under 29 U.S.C. § 1132(a)(3). On April 26, 2004, Union Central filed a motion to dismiss Plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On May 10, 2005, the district court granted Union Central's motion to dismiss, concluding that Plaintiffs had failed to state a claim upon which relief could be granted. *Sears v. Union Cent. Life Ins. Co.*, No. 1:04-CV-215, 2005 WL 1124707 (S.D. Ohio May 10, 2005). On May 19, 2005, Plaintiffs filed a motion for reconsideration, which the district court treated as a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiffs argued that the district court erred in relying on this Court's en banc decision in *Sprague v. General Motors Corp.*, 133 F.3d 388 (6th Cir. 1998), to reach its decision. The district court issued a second opinion on November 28, 2005. The district court denied Plaintiffs' motion, concluding that *Sprague* controlled the outcome of the Plaintiffs' case. *Sears v. Union Cent. Life Ins. Co.*, No. 1:04-CV-215, slip op. at 4 (S.D. Ohio Nov. 28, 2005). The court determined that under *Sprague*, Union Central was not required to disclose its right to amend the terms of the Plan in the SPD. *Id.* at 5. Further, the district

court held that even if Union Central were required to disclose its right to amend the Plan in the SPD, failure to do so was a procedural violation that did not entitle Plaintiffs to recover substantive damages under 29 U.S.C. § 1132. *Id.* at 5-6.

## II. DISCUSSION

### A. Standard of Review

This Court reviews de novo the district court's grant of Union Central's motion to dismiss under Rule 12(b)(6). *McCarthy v. Middle Tenn. Elec. Membership Corp.*, 466 F.3d 399, 405 (6th Cir. 2006). "In reviewing a Rule 12(b)(6) motion to dismiss, this court must treat all well-pleaded allegations in the complaint as true, and dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002) (quoting *Pfennig v. Household Credit Servs., Inc.*, 286 F.3d 340, 343 (6th Cir. 2002) (internal quotation marks omitted). This Court must also "construe the complaint in the light most favorable to the plaintiff[s]." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Further, we may affirm the dismissal of the complaint under Rule 12(b)(6) on grounds not relied on by the district court. *In re Comshare, Inc. Sec. Litig.*, 183 F.3d 542, 548-49 (6th Cir. 1999) (explaining that "a federal court of appeals is not restricted to ruling on the district court's reasoning, and may affirm a district court's grant of a motion to dismiss on a basis not mentioned in the district court's opinion").

### B.  Plaintiffs Are Not Entitled To Severance Benefits

Plaintiffs state that the SPD they received for the Plan did not disclose Union Central's unilateral right to modify the Plan. Plaintiffs argue that Union Central is required to inform its

employees in the SPD "of all circumstances that may affect eligibility," such as Union Central's right to amend the Plan. (Appellant's Br. 14.) To support their argument, Plaintiffs cite to 29 C.F.R. § 2520.102-3, regulations issued by the United States Department of Labor (the "DOL") that govern the content of SPDs. Plaintiffs argue that amendments to § 2520.102-3(l) clarified that ERISA requires plan administrators to state in the SPD if the plan is subject to change. Conversely, Union Central argues first, that it did disclose in the SPD its right to amend the Plan and second, even if it did fail to make such a disclosure, it nonetheless only amounts to a procedural violation that does not entitle Plaintiffs to the recovery of substantive benefits. Union Central attached a document, entitled "Choices," to its Rule 12(b)(6) motion to dismiss.[1]

Although the district court noted that the "SPD in Plaintiffs' possession did not inform them . . . that Union Central could modify or amend the terms of the Plan," *Sears*, 2005 WL 1124707, at *2, it nonetheless agreed with Union Central that an employer is not required "to disclose in the SPD that it has reserved its right to modify or amend plan benefits." *Id.* at *3. In reaching this conclusion, the district court relied on this Court's decisions in *Sprague*, and *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439 (6th Cir. 2002). In *Sprague*, this Court, siting en banc, concluded that GM's "failure to allude to [its power to amend the plan] in some of the [SPDs] did

---

[1]Union Central claims that "Choices," rather than the two-page document the Plaintiffs attached to the complaint, is the SPD for the Plan. The first page of "Choices" reserves for Union Central the right to amend the terms of the Plan at any time: "[Union Central] reserves the right to amend, change, terminate or partially terminate any plan included in Choices at its sole and complete discretion at anytime." (JA 43.) Plaintiffs filed a motion to strike "Choices" and the district court concluded that the motion was moot. *Sears*, 2005 WL 1124707, at *4. We decline to decide whether we may properly consider "Choices" at the pleading stage because the question is not relevant to the outcome of this case.

not prejudice GM's right, clearly stated in the plan itself, to change the plan's terms." 133 F.3d at 401.

We need not decide whether the district court erred in relying on *Sprague* in light of the DOL's post-*Sprague* amendments to its regulations. Moreover, we need not decide whether Union Central is required to disclose in the SPD that it reserved the right to alter or amend the Plan because neither question is dispositive of this case. Ultimately, Plaintiffs are not entitled to recover substantive benefits under the Plan because even if Union Central did fail to disclose its right to modify the Plan, such an error is only a procedural violation that does not entitle Plaintiffs to recover benefits.

Plaintiffs sued Union Central to recover severance benefits under 29 U.S.C. § 1132(a)(1)(B) and for injunctive relief under 29 U.S.C. § 1132(a)(3). The district court held that Plaintiffs were not entitled to this relief, because "violations of the procedural sections of ERISA do not give rise to claims for substantive damages." *Sears*, slip op. at *6.

The district court is correct. ERISA has a civil-remedy enforcement scheme, found in 29 U.S.C. § 1132.[2] Section 1132 allows plan participants or beneficiaries to bring claims for the

---

[2]29 U.S.C. § 1132(a) provides, in relevant part, as follows:
A civil action may be brought---
(1) by a participant or beneficiary ---
(A) for the relief provided for in subsection (c) of this section, or
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . .
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to

recovery of benefits (§ 1132(a)(1)(B)), or for injunctive and equitable relief (§ 1132(a)(3)). A plaintiff can also bring an action under § 1132(c), which allows a court to impose a fixed penalty for procedural violations of ERISA. Although a court may award a fixed penalty of $100 a day for procedural violations, we have consistently held that procedural violations do not give rise to claims for substantive damages. *Lewandowski v. Occidental Chem. Corp.*, 986 F.2d 1006, 1008 (6th Cir. 1993) (per curiam); *Anderson v. Mrs. Grissom's Salads, Inc.*, No. 99-5207, 2000 WL 875365, at *3-4 (6th Cir. June 19, 2000) (unpublished opinion). In *Lake v. Metropolitan Life Insurance Co.*, 73 F.3d 1372, 1378 (6th Cir. 1996), we stated that violations of 29 U.S.C. § 1022, a procedural section of ERISA and the section Plaintiffs rely on to argue that Union Central failed to disclose required information in the SPD, "do not give rise to claims for substantive damages." *Id.* (citing *Lewandowski*, 986 F.2d at 1010). Further, in *Lewandowski*, we concluded that "[n]othing in § 1132 suggests that a plan beneficiary should receive a benefit award based on a plan administrator's failure to disclose required information." 986 F.2d at 1009. Accordingly, because Union Central's failure to disclose its right to amend the plan constitutes a procedural violation, we affirm the district court's holding that Plaintiffs are not entitled to injunctive relief or severance benefits under the Plan.

**C. Union Central Could Amend The Plan Because Plaintiffs' Benefits Had Not Vested**

The district court concluded that Plaintiffs' entitlement to severance benefits under the Plan was governed by the amended Plan because Plaintiffs' benefits had not yet vested at the time of the

---

enforce any provisions of this subchapter or the terms of the plan.

March 2003 amendments to the Plan. Plaintiffs, however, argue that their right to severance benefits vested when their business unit was sold to American United. Plaintiffs state that "Union Central amended the [P]lan at the same time it sold the division because it knew it was obligated to pay the employees severance benefits under the terms of the original [P]lan." (Appellant's Br. 30.)

Severance benefit plans, such as the one at issue here, are welfare benefit plans under ERISA.[3] *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990). Welfare benefit plans, unlike employee pension plans, do not automatically vest and therefore, prior to vesting, the terms of the plan can be modified at any time by employers. *Balestracci v. NSTAR Elec. & Gas Corp.*, 449 F.3d 224, 230 (1st Cir. 2006) ("Unlike pension benefit plans, which are subject to strict vesting requirements, welfare benefits are not automatically vested under ERISA."); *Am. Fed'n of Grain Millers, AAFL-CIO v. Int'l Multifoods Corp.,* 116 F.3d 976, 979 (2d Cir. 1997) ("[T]he benefits provided by a welfare plan generally are not vested and an employer can amend or terminate a welfare plan at any time."); *see also Adams*, 905 F.2d at 947 (explaining that "Congress chose not to impose vesting requirements on welfare benefit plans for fear that placing such a burden on employers would inhibit the establishment of such plans"). Further, severance plan benefits "vest under the terms of the plan." *Member Serv. Life Ins. Co. v. Am. Nat'l Bank & Trust Co. of Sapulpa*, 130 F.3d 950, 954 (10th Cir. 1997).

Here, the terms of the pre-amended Plan dictated that Plaintiffs' benefits vested only if they

---

[3]ERISA distinguishes between welfare benefit plans and employee pension plans. Welfare benefit plans are those plans that are "established or maintained . . . for the purpose of providing for its participants or their beneficiaries . . . benefits in the event of . . . unemployment . . . ." 29 U.S.C. § 1002(1).

"[were] terminated due to the elimination of [their] position." At the time of the March 17, 2003 amendments, Plaintiffs were still employed by Union Central. Plaintiffs were employed by Union Central until May 31, 2003—a fact admitted by the Plaintiffs in their complaint. (Compl. ¶ 36.) ("Union Central eliminated Plaintiffs' positions and terminated Plaintiffs' employment effective May 31, 2003."). Therefore, at the time that Union Central amended the Plan, Plaintiffs' benefits had not yet vested because they were still employed with the company. Thus, Union Central was free to amend the plan in March 2003. *Gregg v. Transp. Workers of Am. Int'l*, 343 F.3d 833, 844 (6th Cir. 2003) (stating that because welfare plan benefits do not vest, "plan administrators may modify a welfare plan's terms at any time, whether or not the employer or union reserved the right to do so"); *see also Young v. Standard Oil (Indiana)*, 849 F.2d 1039, 1045 (7th Cir. 1988) (explaining that because "severance benefits are unaccrued, unvested benefits," an employer can amend a severance plan at any time). Accordingly, Plaintiffs are subject to the terms of the amended Plan.

Under the amended Plan, Plaintiffs are entitled to severance benefits only if the positions they were offered with American United were not substantially similar to the positions they held at Union Central.[4] Plaintiffs allege in the complaint that their terms of employment with American United "are materially and substantially different from those they enjoyed as employees of Union Central" and therefore they are entitled to severance benefits under the amended Plan. (Compl. ¶ 39.) The district court, however, noted that Plaintiffs "admit in their brief, that their claim for severance

---

[4]The amended Plan provides that "severance benefits will not be payable if the Company sells a business unit . . . or enters into a similar transaction, and you are offered employment with the purchaser of the unit that is substantially similar to your current employment with the Company." (JA 117.)

benefits is not based on a contention that their new jobs are not substantially similar to their old ones." *Sears*, 2005 WL 1124707, at *3. Plaintiffs did not argue in their initial brief to this Court that their terms of employment with American United were substantially different from those with Union Central. Moreover, nowhere in their initial brief do Plaintiffs discuss exhaustion of their administrative remedies or why doing so would be futile. *See Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991) (explaining that ERISA requires plan participants to exhaust their administrative remedies or demonstrate why doing so is futile). Consequently, Plaintiffs failure to raise this argument in their opening brief results in its waiver. *Thaddeus-X v. Blatter*, 175 F.3d 378, 403 n.18 (6th Cir. 1999) (en banc) (stating that issues not raised in an appellant's opening brief are waived). We therefore do not address whether Plaintiffs' employment with American United is substantially different from their prior employment with Union Central, whether Plaintiffs exhausted their administrative remedies with regards to this issue before filing suit in federal court, or whether Plaintiffs are entitled to severance benefits under the amended Plan.

## D. Plaintiffs' Claim For Breach Of Fiduciary Duty Also Fails

Plaintiffs also claim that Union Central breached its fiduciary duty when it amended the Plan—a violation of 29 U.S.C. § 1104(a). The district court also dismissed this claim, concluding that Union Central did not breach any fiduciary duties because "[a]n employer is not a plan fiduciary when it amends a plan." *Sears*, 2005 WL 1124707, at *3 (citing *Musto v. Am. Gen. Corp.*, 861 F.2d 897, 912 (6th Cir. 1988) (explaining that "when an employer decides to establish, amend, or terminate a benefits plan, as opposed to managing any assets of the plan and administering the plan in accordance with its terms, its actions are not to be judged by fiduciary standards")). The district

court is correct. In *Sprague*, this Court made clear that "there can be no fiduciary duty to disclose the *possibility* of a future change in benefits." 133 F.3d at 406; *see also Voyk v. Bhd. of Locomotive Eng'rs.*, 198 F.3d 599, 605-06 (6th Cir. 1999). Other circuits have similarly held that an employer does not act as a fiduciary when it amends a benefit plan. *See, e.g.*, *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1102 (9th Cir. 2004) (stating that an employer does not breach any fiduciary duty when it amends a benefit plan); *Campbell,* 327 F.3d at 6 ("The act of amending the terms of a plan is not one to which a fiduciary duty applies."). Accordingly, we also affirm the district court's dismissal of Plaintiffs' breach-of-fiduciary-duty claim.

### III. CONCLUSION

For the reasons discussed above, we **AFFIRM** the district court's grant of Union Central's motion to dismiss.